OPINION
McKEE, Circuit Judge.
Maria Ilda Medina[1] petitions for review of a decision of the Board of Immigration Appeals denying her motion to reopen her removal proceedings. For the reasons below, we will deny the petition for review.
I.
As we write primarily for the parties who are familiar with the facts of this case, we need not recite the factual or procedural history in detail.
In her brief, Medina goes to considerable lengths to argue the merits of her claim for asylum, withholding of removal, and protection under the Convention Against Torture. However, as she failed to file a timely petition for review of the Board’s 2007 order affirming the IJ’s removal decision, we have no jurisdiction to address the merits of those claims. See 8 U.S.C. § 1252(b)(1) (petition to review a final order of the Board must be filed within 30 days of the date of the order). Accordingly, our review is limited to the Board’s denial of her motion to reopen her removal proceedings.
We review the Board’s decision to deny a motion to reopen only for an abuse of the Board’s broad discretion to reopen removal proceedings. INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); Korytnyuk v. Ashcroft, 396 F.3d 272, 293 (3d Cir.2005). Medina attempted to have the Board reopen removal hearings based on “newly discovered evidence.” She claims that the Board should have reopened her removal hearings based on evidence that her brother had been slain by the Revolutionary Armed Forces of *190 Columbia (“FARC”) or the National Liberation Army (“ELN”). Both organizations are terrorist groups operating with apparent impunity in parts of Columbia, and Medina’s claim for relief from removal was based upon her contention that those groups were “persecuting” her in retaliation for her political activity in Columbia. According to Medina, evidence of her brother’s death corroborated her claim for refugee status and for relief under the CAT. Since she could not have produced evidence of her brother’s slaying until after the IJ denied her claim, Medina claims that she can now establish a prima facie claim of eligibility for relief and that the BIA therefore abused its discretion in denying her motion to reopen. See INS v. Abudu, 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
II.
The IJ denied Medina’s claim for asylum and withholding of removal because the evidence she submitted did not establish that the actions she complained of at the hands of the FARC or ELN were in retaliation of her political activities. Absent that nexus, she could not establish that she was a “refugee” and was therefore not entitled to relief from removal. Relief under the CAT need not be premised on any political activity, or status. However, the IJ concluded that the abuse and threats she complained of did not rise to the level required for “torture” under the CAT.
Although her brother’s murder is certainly tragic, evidence that he was killed by FARC or the ELN suffers the very same legal infirmity that was fatal to her original claim for relief. There is nothing on this record to support a finding that the illegal actions she relies upon were related to any protected status or activity. They therefore do not amount to “persecution” as that term is used in immigration law. See Sioe Tjen Wong v. Atty. Gen., 539 F.3d 225 (3d Cir.2008). Rather, the record establishes that Medina (and probably her brother) were the victims of the kind of broad violent extortion that FARC is well known for. Although her treatment was most certainly “unfair, unjust, [and] unlawful ...,” this does not mean that it was “persecution.” Id. at 232.
Similarly, the Board did not abuse its discretion by concluding that evidence of Medina’s brother’s murder did not establish that she would be “tortured,” as defined under the CAT, if she returned to Columbia and one of the groups there attempted to extort payments from her. See Pierre v. Atty. Gen., 528 F.3d 180 (3d Cir.2009) (en banc); and Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir.2005).
III.
Finally, Medina argues that the Board’s denial of her motion to reopen violated her constitutional right to due process. Although we are not unsympathetic to Ms. Medina’s plight, this argument is frivolous. There is no constitutional right to have removal proceedings reopened. Ms. Medina had a removal hearing and she appealed the result of that hearing to the Board. She chose not to petition this court for review of the Board’s oi'der affirming the result of the removal hearing. Thereafter, she asked the Board to reopen her removal hearing and the Board .denied that request because the “newly discovered” evidence she was relying upon still did not entitle her to the relief she was séeking. Ms. Medina has been afforded all of the process that she is entitled to. The Board properly exercised its discretion and refused to reopen removal hearings because it is clear that, despite her tragic circumstances, she has not established that she is entitled to “refugee” status or relief *191 under the CAT. Accordingly, we hold that the Board did not abuse its discretion in denying her petition to reopen, and we will therefore deny her petition for review.

. Ms. Medina is referred to as “Maria Medina” in the caption of her Brief, but the caption of the government’s Brief refers to her as “Maria Medina Restrepo,” and the government refers to her as: “Restrepo” throughout its Brief. We will use "Medina” as that is consistent with the caption on her brief and the docket sheet.